IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GEOFFREY GRAHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 121-183 |
| ) | |
| TIMOTHY C. WARD, Commissioner, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.   BACKGROUND**

On October 31, 2011, Petitioner entered a plea in the Superior Court of McDuffie County under North Carolina v. Alford, 400 U.S. 25 (1970), to two counts of child molestation and was sentenced to serve concurrent terms of imprisonment of twenty and thirty years, respectively, with the first fifteen years to be served in confinement. (Doc. no. 1, p. 1; doc. no. 1-1, pp. 193, 198.)  Petitioner reports he did not pursue a direct appeal, but on October 29, 2012, he filed a motion for sentence modification. (Doc. no. 1, p. 3; doc. no. 1-1, pp. 126-34.)  That motion was denied on November 9, 2012. (Doc. no. 1, p. 4; doc. no. 1-1, pp. 124-25.)

Petitioner filed a petition for state habeas corpus relief on June 5, 2014, raising forty-one grounds for relief. (Doc. no. 1-1, pp. 88-107.) While that petition was pending, on December 19, 2014, Petitioner also filed motions for information related to the grand jury proceedings in his case, as well as other transcripts from his underlying criminal proceedings. (Doc. no. 1-1, pp. 118, 121.) Those motions were denied in orders dated January 2, 2015. (Id. at 120, 122-23.) The state habeas court held a hearing on the state habeas petition on May 6, 2015, (id. at 79), and denied relief in a written order filed on December 27, 2016, (id. at 44-78). Petitioner's request for a Certificate of Probable Cause to Appeal ("CPC") was dismissed by order of the Georgia Supreme Court dated May 4, 2020, (id. at 21-41, 43), and the motion for reconsideration was denied on June 1, 2020, (id. at 18). The Petition for Writ of Certiorari to the United States Supreme Court dated August 24, 2020, was denied on November 23, 2020. (Id. at 215-35).

Petitioner filed the instant federal habeas corpus petition on December 21, 2021.[1] (Doc. no. 1, p. 1.) Petitioner raises several claims for relief based on alleged (1) ineffective assistance of counsel, (2) state misconduct resulting in violation of his due process rights, (3) violation of Eighth Amendment prohibition on cruel and unusual punishment; and (4) violation of Fifth Amendment right to remain silent. (See generally doc. no. 1.)

---

[1]The Court is aware Petitioner dated his petition November 15, 2021. (Doc. no. 1, pp. 15, 20.) However, based on information provided by Petitioner and Georgia Department of Corrections publicly available information, Petitioner is on parole as of June 10, 2020. (Doc. no. 1, p. 1; www.dcor.state.ga.us, Offender Search, GDC ID 1000694046, last visited Jan. 7, 2022.) As Petitioner is not incarcerated, he is not entitled to avail himself of the "prison mailbox rule" that would require the Court to presume the date of filing is the date a prisoner executes the petition and delivers it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 275-76 (1988); Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (*per curiam*).

**II.     DISCUSSION**

    **A.     The Petition Is Time-Barred**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme

Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken"). Because Petitioner did not file a direct appeal following his plea and sentencing on October 31, 2011, his conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on or about November 30, 2011.

Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, Petitioner states he did not file any request for post-conviction relief until a motion for sentence modification on October 29, 2012, and that motion was denied on November 9, 2012. (Doc. no. 1-1, pp. 124-25.) Accordingly, assuming the motion for sentence modification tolled the one-year statute of limitations for twelve days, Petitioner had approximately one month left to file his federal habeas petition once the state court denied that motion.

Petitioner then waited over one and a half years to file his state habeas petition. Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed for collateral relief in the state courts in 2014, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce

a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed on December 21, 2021, is untimely.

**B.     The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

5

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown he satisfies the test for application of equitable tolling or that a miscarriage of justice will occur if his claims are not considered.  Petitioner has not shown extraordinary circumstances stood in his way and that he has been pursuing his rights diligently.  To the contrary, Petitioner offers no argument on timeliness in the portion of the petition reserved for such. (Doc. no. 1, pp. 13-14.)  Based on the information presented, it appears Petitioner believes his federal petition is timely based on the rulings of the Georgia Supreme Court and United States Supreme Court in 2020.  However, as explained above, AEDPA's statute of limitation expired *before* Petitioner commenced his state habeas proceedings, and therefore, any alleged errors on the timing of an appeal after the state

habeas court entered its order is not relevant to the timeliness analysis concerning the federal petition.[2]

Petitioner offers no information about the year-and-a-half time period between when his motion for sentence modification was denied on November 9, 2012, and when he commenced his state habeas proceedings in 2014 other than to suggest he needed the information in his rejected motions for information related to grand jury proceedings and other proceedings in his underlying prosecution. Of course, by the time he filed those motions in December of 2014, he had already filed his state habeas petition, and the one-year federal statute of limitation had already expired.

Pretermitting any argument Petitioner was not aware of the federal statute of limitation, the Court notes the Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances). Eleventh Circuit precedent is clear a petitioner in federal court seeking to invoke equitable tolling must explain "any independent efforts he made to determine when the relevant limitations period began to run." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citation omitted), *opinion modified on rehr'g on other grounds*,

---

[2]Even if the Court were to incorrectly assume the relevant start date for calculating timeliness was the date the United States Supreme Court denied certiorari on November 23, 2020, the petition filed on December 21, 2021, would still be untimely. As explained in note 1, Petitioner is not entitled to application of the prison mailbox rule.

459 F.3d 1310 (11th Cir. 2006); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (finding no basis for equitable tolling "especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline"). Petitioner does not argue, let alone provide any factual detail to support a finding, he made any efforts to determine when his federal statute of limitations began to run. In sum, Petitioner has not satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner shown a miscarriage of justice will occur if his claims are not considered. Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted based on his own plea such that no reasonable juror would have found him guilty beyond a reasonable doubt. Petitioner agreed to the basis for entry of his Alford plea as follows:

> …[T]he allegations as to count one involving Samantha Graham - the child was, at the time of the offense, twelve years old - - alleged that on or about July 24th, 2010, the defendant did commit an immoral and indecent act with his daughter with the intent to arouse and satisfy sexual desires by pinching the breasts and rubbing the buttocks and tweezing the pubic hair of his daughter, the twelve-year-old. Count two alleges, as to Blake Graham, the nine-year-old child, that the defendant did commit an immoral and indecent act to and with Blake Graham with the intent to arouse and satisfy sexual desires of the accused by touching, fondling, and masturbating the child's penis.

(Doc. no. 1-1, pp. 190-91.)

The special agent on the case detailed his investigation, which included an explanation from Petitioner that the activities with his son were caused by a medical condition, and the prosecutor summarized the evidence as a forensic interview of the two children and "a taped and recorded video interview wherein [Petitioner] admitted all of these

8

allegations as well." (Id. at 191-92.) Moreover, at the time he entered his plea, Petitioner explained to the judge his view that his wife had used his children as tools to falsely accuse him of sexual crimes and that his son's statements during the investigation were "completely opposite" of the statements the son had made to Petitioner. (Id. at 196.) Also, as the attachments to the current petition show, Petitioner has long argued about legal errors in his criminal proceedings. In sum, the information offered now concerning the validity of the convictions and alleged legal errors in the state proceedings do not constitute new and reliable evidence that would satisfy Petitioner's high burden to meet the requirements for application of equitable tolling. See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (*per curiam*) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency" (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

For all of these reasons, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of January, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA