IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GEOFFREY GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-183 |
| | ) | |
| TIMOTHY C. WARD, Commissioner, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 4.) Petitioner offers nothing that warrants deviating from the recommendation to dismiss the petition as untimely. Rather, Petitioner persists with his misguided argument that because he timely filed for state habeas corpus relief, the one-year statute of limitations for his federal habeas corpus petition did not begin to run until the completion of his state habeas proceedings.

Petitioner has both a state and federal forum to seek post-conviction relief, but each forum is governed by its own set of rules, including two different statutes of limitation. See Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001). Thus, even if Petitioner complied with the four-year state statute of limitations for filing a habeas corpus petition found in O.C.G.A. § 9-14-42(c), that does not change the requirement for timely filing a federal habeas corpus petition in accordance with the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). As the Magistrate

Judge explained, the federal statute of limitations had already expired by the time Petitioner filed his state habeas petition, meaning that no time period remained to be tolled while the state proceedings were conducted. (Doc. no. 2, pp. 4-5 (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).)

Nor has Petitioner shown he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. As the Magistrate Judge explained, Petitioner bears the burden of proving his entitlement to equitable tolling, and he will not prevail based upon a showing of either extraordinary circumstances or diligence alone; Petitioner must establish both. (Doc. no. 2, p. 5 (citing San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) and Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).) Moreover, vague or conclusory allegations are insufficient to satisfy Petitioner's burden to show how he acted with diligence. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209-10 (11th Cir. 2014). As to establishing an extraordinary circumstance, Petitioner must show a causal connection between the alleged circumstance and the late filing, San Martin, 633 F.3d at 1267, and the extraordinary circumstance must be "unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (*per curiam*). Nothing in Petitioner's objections satisfy this high burden. Nor has he shown he qualifies for application of the fundamental miscarriage of justice exception.

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, and **DISMISSES** as untimely the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court

"must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action **DIRECTS** the Clerk to enter an appropriate judgment of dismissal.

SO ORDERED this  2nd  day of February, 2022, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3